LARRY E. BELTON SR.
D-48727 C4-114-L
44750-60TH STREET WEST
LANCASTER, CALIFORNIA 93536



**ORIGINAL COPY**

### UNITED STATES DISTRICT COURT

### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LARRY E. BELTON SR. ]<br>CARRIE BARBER BELTON ABLE, ]<br>PLAINTIFFS, ]<br> ]<br>VS. ]<br> ]<br>JEFF AMOS, MARY HORNSBY, ]<br>PAUL KEITH, BRIDGET ASHFORD,]<br>MATTHEW SWANSON, FRANK ]<br>McKINNEY, DENNIS WEAVER, ]<br>BONNIE FRANKLIN, FAIRFIELD ]<br>MANOR NURSING HOME, THE ]<br>DEPARTMENT OF SOCIAL SERVICE]<br>COUNTY OF FAIRFIELD, STATE ]<br>OF SOUTH CAROLINA, BETSY ]<br>WHITE BURTON. ]<br>DEFENDANTS. ]<br>_____ ] | CASE NO. __O:03-3547-22BD__<br><br>COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983, § 1985; BIVENS COMPLAINT 28 U.S.C. § 2672 28 U.S.C. § 2675 FEDERAL TORTS CLAIMS ACT, 28 U.S.C. §§ 1331-1333; 28 U.S.C. §§ 2201-2202; 28 U.S.C. § 1343, § 1346;U.S. CONSTITUTIONAL VIOLATION OF RIGHTS TO PRIVACY PROTECTED BY THE 1st AMENDMENT; DAMAGES OF $5,000,000.00 DEMAND FOR TRIAL BY A JURY |

### A. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331- § 1333; § 1343 (a)(3); § 1346; 28 U.S.C. §§ 2201-2202; 28 U.S.C. § 2674, § 2675,§ 2672; and **The Federal Question Jurisdiction with Supplemental Jurisdiction to decide violations of State Of South Carolina Statutes Of Laws pursuant to The Welfare And Institutions Codes, Penal Codes; Civil Code, Code Of Civil Procedures; U.S. Constitution.**

### B. PARTIES

1.Plaintiffs:  This complaint alleges that the **Civil Rights** of plaintiff Larry E. Belton Sr., a Vietnam Veteran, Carrie Barber Belton Able, the disabled, mentally incompetent, physically impaired dependent mother

-1-

who presently resides at D48727C4114, 4750-60th Street West, Lancaster, California, 93536, and Carrie Barber Belton Able, resides at 118 Bellfield Road, Ridgeway, South Carolina 29130; in which Larry E. Belton Sr., has through The United States Veterans Affairs, The United States BoaRD Of Veterans Appeals has established plaintiff Carrie Barber Belton Able the **disabled dependent parent** for all Veterans Affairs benefits owed and payable to Larry E. Belton Sr., giving Larry E. Belton Sr., **Legal Standing [In Loco Parentis]** due to Carrie Barber Belton Able being Mentally ill, mentally impaired, and mentally incompetent to act for herself, FRank Able being deceased leaving Larry E. Belton Sr., the Vietnam Veteran son of Carrie Barber Belton Able to act before The District Court to redress violations of **The U.S. Constitution First (1st); Fifth (5th); Sixth (6th) and Fourteenth (14th) Amendments**, to wit the 1st Amendment Right To Privacy; Financial Privacy Act Laws; Privacy Rights Act as to obtaining and disseminating private and confidential information to Agencies and persons without compliance with The Privacy Rights Acts Statutes Of Law.

2. PLAINTIFF:   This complaint alleges that the **Civil Rights** of **Carrie Barber Belton Able**, the disabled parent and dependent of **Larry E. Belton Sr.**, has a mental and physical disability, which has impaired her ability to act for herself, giving Larry E. Belton Sr., her son to act before The District Court **In Loco Parentis**, due to the **death of Frank Able**, who was appointed by Larry E. Belton Sr., to act as Power Of Attorney for Carrie Barber Belton Able before his demise.

## C. PARTIES

3. DEFENDANTS:

4. Jeff Amos, at all material times herein and after was an employee

-2-

of The Fairfield Manor Nursing Home, a State Of South Carolina funded and Agency agency licensed by The State Of South Carolina pursuant to The Welfare And Institutions Codes, Department Of Social Services.

5. <u>Mary Hornsby</u>, at all material times herein mentioned was an employee of The Fairfield Manor Nursing Home, a State Of South Carolina licensed agency, licensed by The State Of South Carolina.

6. <u>PAUL KEITH</u>, at all material times herein mentioned was an employee of The Fairfield Manor Nursing Home, a State Of South Carolina licensed agency.

7. <u>BRIDGET ASHFORD</u>, at all material times herein mentioned, was an employee of The Fairfield Manor Nursing Home, a State Of South Carolina licensed agency.

8. <u>MATTHEW SWANSON</u>, at all material times herein mentioned was and is an employee of The South Carolina Department Of Social Services for The County Of Fairfield, Winnsboro, South Carolina.

9. <u>FRANK McKINNEY</u>, at all material times herein, was and is an employee of The Department Of Social Services, for The County Of Fairfield, Winnsboro, South Carolina.

10. <u>DENNIS WEAVER</u>, at all material times herein mentioned, was and is the owner of The Fairfield Manor Nursing Home, a State Of South Carolina licensed agancy, having the liability and responsibility for the acts of employees, under <u>respondeat superior vicarious liability</u>, for his his failure to train and supervise employees for the acts complained.

11. <u>BETSY</u> <u>WHITE</u> <u>BURTON</u>, at all material times herein mentioned is and was an attorney for The South Carolina Department Of Social Services who in a planned and criminal conspiracy with employees Matthew Swanson, Frank McKinney, filed written documents in an attempt to cover up the Privacy Rights Act Laws violations committed by Swanson and McKinney.

12. The Department of Social Services, State Of South Carolina, at all material times herein, was and is a State Agency pursuant to The Welfare And Institutions Codes both Federal And State Laws, legally liable and responsible for the acts of it's employees under respondeat superior vicarious liability, for violations of the PRIVACY RIGHTS LAWS: THE FINANCIAL PRIVACY ACT, U.S. CONSTITUTION 1st AMEND..

13. Each and every named defendant is sued individually and separably for the violations of The U.S. Constitution 1st Amendment Rights Of PRIVACY, FINANCIAL PRIVACY RIGHTS ACT; U.S. CONSTITUTION 5th, 6th, 14th Amendments; for damages of $ 5,000,000.00 each defendant for for General Damages Of The Owed Vietnam Veterans Disability checks retroactive to 2/2/90 through 9/1/99; for punitive and exemplary damages of $ 500,000.00 for pain and suffering, mental and emotional stress and trauma, the loss of funds and numerous medical problems which led to the death of FRank Able, the brother of Larry E. Belton Sr., and the biological son of plaintiff Carrie Barber Belton Able, due to the 4/17/01 illegal violations of said defendants, and the 4/21/01 illegal report of a Bonnie Franklin which stated said named defendants violated The Privacy Rights Laws and was given to a state and Federal Agency to cause the financial loss to plaintiffs Larry E. Belton Sr., and his disabled mentally incompetent parent.

14. Each named defendant acted under color of state statutes of law of South Carolina in concert with state and federal agents, pursuant to 42 u.s.c § 1985, with private employees, forming a nexus between state employees, federal employees and private actors Of Fairfield Manor Nursing Home.

15. Each defendant is responsible for the acts herein alleged and the damages suffered, mental and emotional stress, and other damages.

-4-

## FIRST CAUSE OF ACTION

VIOLATION OF THE U.S. CONSTITUTIONS
FIRST AMENDMENT (1st) RIGHTS OF PRIVACY
OF LARRY E. BELTON SR., CARRIE BARBER
BELTON ABLE WHO IS MENTALLY ILL, ON AND
UNDER THE CARE OF A MEDICAL DOCTOR WITH
INTENT TO DO AN ILLEGAL VISIT AND DO AN
UNAUTHORIZED INTERROGATION OF MENTALLY ILL
DEPENDENT CARRIE BARBER BELTON ABLE TO STOP
PAYMENTS OF APPORTIONMENT CHECKS TO PARENT
BY LARRY E. BELTON SR. CAUSING FINANCIAL
DAMAGES, MENTAL AND EMOTIONAL STRESS, THE
NEAR DEATH OF CARRIE BARBER BELTON ABLE
DUE TO THE ILLEGAL VISIT AND INTERROGATION
THAT CAUSED CARRIE BARBER BELTON ABLE TO
SUFFERE A STROKE TO HER THROAT REQUIRING
HER TO BE RUSHED TO A HOSPITAL AND SURGERY
TO BE PERFORMED WHICH HAS LEFT HER WITH A
FEEDING TUBE INSERTED INTO HER STOMACH FOR
HER TO SURVIVE CAUSING OTHER MEDICAL PROBLEMS
AND MEDICAL BILLS AND LOSS OF FUNDS OWED TO
LARRY E. BELTON SR. AND CARRIE B. ABLE

16. At all material times herein mentioned, the named defendants were and are employees of the State Of South Carolina Department of Social Services, acting under Color Of State and Federal Laws, and employees of the Fairfield Manor Nursing Home, a state and Federally susidized Agency which receives funds from the Federal Medicade and Medicare Federal Agency, who acted in concert with private citizens employees forming a concerted nexus pursuant to the statutes of 42 U.S.C.S. § 1983-1985. which establish the Federal Question Jurisdiction and State Torts for Supplemental Jurisdiction, to decide violations of state statutes of laws.

17. On April 17. 2001. in a planned civil and criminal conspiracy orchestrated by defendant Bonnie Franklin, a federal and state of South Carolina, Department Of Veterans Affairs, did enter into a planned illegal act of making an illegal visitation with plaintiff Larry E. Belton Sr 's disabled, mentally ill, medicated mother who is a dependent and parent also named as a plaintiff without their

-5-

having completed with the statutes of **The Information Practice** **Act Of 1977; The Financial Privacy Act Of 1974; 5 U.S.C. S.§ 552(a)** **U.S. Constitution 1st Amendment**, nor having obtained a written consent from Larry E. Belton Sr., the plaintiff, the deceased legal guardian Frank Able who was alive during all material times up until June 22, 2003 when Frank Able, the legal guardian for Carrie B. Able plaintiff due to her mental illness, and being declared incompetent to act for herself, which now plaintiff, Larry E. Belton Sr., acts **In Loco Parentis** before the court having **Legal Standing**, due to the death of Frank Able, who was gurardian, and Larry E. Belton Sr., through the Federal Courts and Veterans Affairs having established Carrie Barber Belton Able, a legal dependent for Larry E, Belton Sr.s benefits to give owed disability compensation checks to her legally.

18. On **April 17, 2001**, without having first obtained a written consent from plaintiff Larry E. Belton Sr., Frank Able, or any of plaintiff Carrie Barber Belton Able's family members, or from her medical doctor, as required by Federal Statutes Of Law, to wit **5 U.S.C.S. § 552(a)**, and cited statutes ibid., defendant **Jeff Amos** of The Fairfield Manor Nursing Home, who was the Director in charge of the agency, entered into an illegal act with defendant **Bridget Ashford**, a Nurses Aid working for the agency, while acting under color of state laws governing the state licensed agency, with full knowledge of **The Privacy Act Laws**, and did in concert with a Federal Employee named as defendant **Bonnie Franklin**, who also knew before the 4/17/01 illegal vist, of the Privacy Act Laws and requirements of a written consent for obtaining, releasing and disclosure of Private and Confidential Information of both plaintiffs Larry E. Belton Sr., and Carrie Barber Belton Able, and did violate the Privacy Laws, that

resulted in plaintiff Carrie Barber Belton Able, while under medications for her mental illness, diabetes, medication after she had suffered numerous strokes which impaired and destroyed parts of her brain causing her to have no control of her bowels, urine, having to wear diapers and was under constant medical care and supervision of a medical doctor and Nurse, being illegally visited with the illegal purpose of interrogating her as a mental patient about her <u>Financial Matters</u>, <u>Private Confidential Medical</u> <u>Information</u>, <u>Private Family Matters</u>, protected by The U.S. Constitution 1st Amendment Rights Of Privacy and Seclusion, whereby defendant Jeff Amos, the Director illegally granted defendant Bonnie Franklin a visit with plaintiff Carrie Barber Belton Able without compliance with The Privacy Act Laws known by him, FRanklin, and defendant Ashford, having Bonnie Franklin to secretly on 4/17/01 come to The Fairfield Manor Nursing Home on 4/17/01 after Franklin had conspired with a fellow agent of Franklin named G.A. Morris to invade the privacy and seclusion of plaintiff Carrie B. Able, with the malicious intent to interrogate and question Carrie Barber Able out of the presence of her family, out of the presence of a medical doctor, Nurse, and out of the presence of Frank Able, knowing this violated all Privacy Laws and laws of the State Of South Carolina.

19. Defendant Jeff Amos, conspired with Bridget Ashford who had fiduciary duties as the Fairfield Manor Nursing Home caretakers who had ethical duties under the Privacy Act laws to protect the privacy and seclusions of plaintiff Carrie B. Able, did illegally grant defendant Bonnie Franklin illegal access to plaintiff Carrie Barber Belton Able, to do the illegal interrogation of plaintiff for the purpose of stopping apportionment checks apportioned to

plaintiff Carrie Barber Belton from plaintiff Larry E. Belton Sr.'s, earned Vietnam Veterans Disability award due to plaintiff Larry E. Belton Sr.'s incarceration in a California prison, after the agent of the Department Of Veterans Affairs, had plotted with an agent named G.A. Morris to stop payments of an outstanding owed disability compensation check of $ 177,730.00, plus $ 12,571.00 was to have been paid to plaintiff Carrie Barber Belton Able from 2/2/90. after a written settlement agreement and a written document was issued from the two agents Franklin and Morris office.

20. Defendant Jeff Amos and Bridget Ashford, employees of the State Of South carolina Nursing Home Facility, did enter into a civil and criminal conspiracy with Bonnie Franklin, on 4/17/01 whereby pursuant to Franklin who drafted a written report dated 4/20/01 [See appendment "A" hereto of report], whereby Franklin in her written report as evidence, RES IPSA LOQUITUR, stated plaintiff Larry E. Belton Sr.s Confidential Veterans Affairs file number, stated at the first two lines of the evidence that this report was not in compliance with established laws, and cited the laws not being complied with, which said laws cites the PRIVACY ACT LAWS to wit THE INFORMATION PRACTICE ACT OF 1977; THE FINANCIAL PRIVACY ACT OF 1974; 5 U.S.C.S. § 552(a), whereby Franklin in writing stated she had contacted Jeff Amos at the Nursing Home and Amos had illegally released and disseminated private and confidential Information in violation of the Privacy Rights Act, and also named Bridget Ashford as the Nurse Aid of the Fairfield Manor Nursing Home who personally identified Carrie B. Able to Franklin within the privacy of Plaintiff Carrie Barber Belton Able, and wrote the best evidence appended as apendment "A" hereto with protected private

and confidential information as to plaintiff Larry E. Belton Sr., his private Veterans Affairs information which identified Larry E. Belton Sr., his Financial Information as to the checks being apportioned to plaintiff Carrie Barber Belton Able, and identified Carrie Barber Belton Able to Bonnie Franklin and did to Bonnie Franklin release private and confidential information as to the medical disability and mental illness, medication that was being administered to plaintiff, and released and divulged to Bonnie Franklin of the accounting information held in trust with The Fairfield Manor Nursing Home, which plaintiff Larry E. Belton Sr., his brother had this SPECIAL ACCCUNT, solely for the purpose of this money not exceeding $ 50.00 be held to pay for alady to always prepare and comb, wash and fix Carrie B. Able's hair daily so she could be presentable for visitations with family, which neither Jeff Amos, Bridget Ashford, had any legal rights to had released and disseminated this Private Financial Information to Franklin for Franklin to illegally place in a written Report which Franklin knew was done in clear violation of established Federal And State Laws, to wit The U.S. Constitution, The Privacy Act statute of 5 U.S.C.S. § 552(a), The Information Practice Act of 1977, The Financial Privacy Act of 1974.

21. Jeff Amos, Bridget Ashford had entered into a planned plot with Franklin to invade the privacy and seclusion of plaintiff Carrie Barber Belton Able, when said defendants were documented by Franklin in a written Report dated 4/20/01 which Franklin knew it was a planned intent to stop payments to Frank Able the then living Power Of Attorney for plaintiff Larry E. Belton Sr., and Carrie Barber Belton Able, and for checks owed to plaintiff be

-9-

issued and paid directly to Fairfield Manor Nursing Home under Jeff Amos as the Director and Bridget Ashford the Nurses Aid identified by Franklin in the report appended hereto marked as appendment "A".

22. Defendant Franklin disclosed defendant Jeff Amos as the Director of Fairfield Manor Nursing Home and Bridget Ashford as the Nurses Aid who identified and released all of the information printed in Franklin's 4/20/01 report which Franklin at the very first paragrapgh stated the report was not in compliance with the Federal Laws established by The Federal Government Agency, yet this defendant Franklin and defendants Amos and Ashford maliciously violated the state and federal laws with the intent to have the apportionment checks of plaintiff stopped being paid to plaintiff Carrie Barber Belton Able, with the malicious intent of doing the illegal and criminal interrogation of plaintiff Carrie B. Able, while Carrie Barber Belton Able was under control of prescription medication administered by Amos and Ashford asthe caretaker of plaintiff Carrie Barber Belton Able, and the three named defendants interrogated plaintiff Carrie Barber Belton Able despite the known fact Carrie B. Able was declared mentally and physically incompetent to act for herself, was under a doctor's care due to numerous strokes she suffered causing her to have no control over her body waste, i.e., her bowels and urine having to wear diapers and be changed by    defendants Ashford and Amos and a nurse.

23. Defendant Bridget Ashford, along with defendant Jeff Amos did illegally identify. plaintiff Carrie B. Able for Franklin, to be interrogated and had the duty to wheelchair plaintiff to Franklin's presence and released personal and private information

-10--

which Franklin documented the information provided from defendant Bridget Ashford and Jeff Amos in the report which is appended as appendment "A" hereto and made a part of this suit as the best evidence to prove the civil and criminal acts of the named defendants, who were state and federal actors acting under Color Of Law, whereby the acts were done in concert to form a nexus.

24.    Defendant Jeff Amos pursuant to defendant Franklin's report which Franklin in writing stated the report was not in compliance with established laws, to wit REVISION TO M27-1 PART 3, Chapter 6; named defendant Amos and Ashford as the Fairfield Manor Nursing staff whom she contacted and visited personally on 4/17/01, did talk to Franklin and made an agreement that if the Veterans Affairs reduce the checks being paid to plaintiff's mother Carrie B. Able through Frank Able while Frank Able was living and before his death which checks were then in the amount of $ 1,233.00 per month to Carrie B. Able at Frank's address of 77 Pocono Lane, Ridgeway, South Carolina, and for Amos to start receiving the reduced checks which Franklin illegally had the checks stopped and sent to Amos at The Nursing Home, that caused plaintiff Larry E. Belton Sr. the loss of the $ 177,730.00 owed retroactive check and the owed $ 12,571.00 to be kept by Franklin and her employee named Morris as their conspiracy was set to accomplish.

25.    It was then shortly after the 4/17/01 illegal interrogation that plaintiff Carrie Barber Belton Able suffered a severe stroke to her throat, whereby she had to be rushed to a hospital for surgery and a feeding tube inserted into her stomach all due to these named defendants illegal acts on 4/17/01, that Franklin

-11-

without first having complied with the mandatory Privacy Act Laws, and never first obtaining a written consent from Frank Able, Larry E. Belton Sr., or from Carrie Barber Belton Able to verify if Plaintiff Carrie Barber Belton Able was mentally and physically competent to be interrogated, questioned about her private and personal financial accounts, financial Banking Accounts her private Medical Problems she suffered, her mental condition, her medications she was being given, her private family matters, the status of her accounts at Fairfield Manor Nursing Home, her Private Department Of Social Service Information and Records held by The South Carolina Department Of Social Services; plaintiff Carrie Barber Belton Able's Social Security Income information which defendant Bonnie Franklin did publish in a written report on **4/20/01**, after Franklin had illegally contacted the named defendants, ibid., knowing neither named defendant had complied with the Information Practice Act of 1977, The Financial Privacy Act of 1974, The U.S. Constitution 1st Amendment Right To Privacy, which neither named defendant completed the Mandatory Privacy Act Forms pursuant to **5 U.S.C.A. § 552(a)**, **V.A. Forms 21-4142,** **V.A. Form 70-5572**, [**See Appendment "B" hereto**] as well as the **V.A. Mandatory Consent To Release Of Information From V.A. Files,** [**See Appendments "C", and "C-1" hereto**].

26.    Defendant **Jeff Amos**, defendant **Bridget Ashford** two Fairfield Manor Nursing Home employes who acted **under color of State Laws Of South Carolina**, having received a license to work as Nursing Home employees⁻ who were paid salaries, did in concert with two other state and federal employees of two state and federal agencies named as defendants Bonnie Franklin, Matthew Swanson,

Frank McKinney, Mary Hornsby, whereby there was a meeting of their minds to release and disseminate Private and Confidential Information of plaintiff Larry E. Belton Sr., Plaintiff Carrie Barber Belton Able as to Financial Matters of said plaintiffs, private and confidential Medical Information of plaintiff Carrie Barber Belton Able, Private and Confidential Information as to both plaintiff's family matters and family information maintained by The Defendants named The Fairfield Manor Nursing Home an Agency, The Department Of Social Services, an Agency, and The Defendant named Bonnie Franklin, **DID WITH A MALICIOUS INTENT TO STOP THE** plaintiff Carrie Barber Belton Able, from receiving a large V.A. Retroactive Disability Apportionment Check in the amount of **$ 177,730.00, $ 12,571.00, and monthly checks of $ 1,233.00**, which by a written contractual settlement agreement between plaintiff Larry E. Belton Sr., The Department Of Veterans Affairs, The U.S. Secretary Of Veterans Affairs, Anthony J. Principi had entered for the plaintiff Carrie Barber Belton Able to be paid these checks [VIA] FRank Able who is now **deceased**, which as a result of the **illegal acts of said named defendants**, plaintiffs Larry E. Belton Sr., Carrie Barber Belton Able, has suffered the financial loss of the listed checks, the loss of benefit checks being paid to plaintiff Carrie Barber Belton Able which was for the purpose of getting plaintiff Carrie Barber Belton Able off of **Welfare, Medicade, and out of the "ABUSIVE" NUrsing Home back to her home** with her children Haskle Able III, his wife Loretta Able, James Belton, Carolyn Belton, until Larry E. Belton Sr., the plaintiff is released from incarceration to care for Carrie Barber Belton Able with a live in Nurse which plaintiff Larry E. Belton Sr.

-13-

had arranged for the checks to be paid to Carrie Barber Able which the retroactive owed $ 177,730.00, the $12,571.00 and the $ 1,233.00 per month would insure the stability of funds to insure plaintiff Larry E. Belton Sr. would never have to depend on no Welfare, Medicade, or the Social Security Poverty check of $328.00 would be needed to care for plaintiff Carrie Barber Belton Able.

27. As a result of the illegal acts of the named defendants, Jeff Amos, Bridget Ashford, Mary Hornsby, Fairfield Manor Nursing Home, Matthew Swanson, Frank McKinney, The Department Of Social Services, Bonnie Franklin, and said defendant's Malicious violation of **Clearly Established Privacy Act Laws**, and clearly stated in a written report dated **4/20/01**, that the report was not in in compliance with established laws the federal agency had set forth to wit **5 U.S.C. § 552(a)**, plaintiff Carrie Barber Belton Able suffered a severe stroke to her throat which caused her to nearly choke to her death whereby she had to undergo immediate Surgery whereby a feeding tube had to be inserted into her stomach for her to be fed daily, which is permanent, and left her in pain Mental and Emotional Stress which has caused complications to welfare and well being, prevented Carrie Barber Belton Able from being taken off Medicade, Welfare and prevented plaintiff Larry E. Belton Sr., from having the checks paid to Carrie B. B. Able to get a Double Wide Mobile Home or Standard Built V.A. Approved Home using plaintiff Larry E. Belton Sr.'s Certificate which said home would have wheel chair ramps throughout the home and the bathing facailities to properly care for Carrie B.B. Able with the said owed checks.

/ / / / / / / /

-14-

28. On **4/17/01**, defendants named Bonnie Franklin, Matthew Swanson, Frank McKinney, The Department Of Social Services of the state Of South Carolina, **did with malice aforethought,** having knowledge Aforethought of **The Information Practice Act of 1977; The Financial Privacy Act of 1974; The Privacy Act Statute of 5 U.S.C. § 552(a), The U.S. Constitution 1st Amendment Right To Privacy,** did without first having complied with the cited mandatory laws, and without having obtained the **written consent to obtain, discuss, release disclose or publish private and confidential information,** of both plaintiffs Larry E. Belton Sr., Carrie Barber Belton Able, the **Deceased Brother Frank Able, his wife Betty Able, illegally by telephone and personal appearance,** between Bonnie Franklin, Matthew Swanson, Frank McKinney, The Department Of Social Services, and defendants Mary Hornsby, Bridget Ashford, Dennis Weaver the Owner of Fairfield Manor Nursing Home, **did illegally discuss, obtain, disclose, publish in a written report which stated in writing the report was not in compliance with established laws,** and drafted a written report hereto appended as **APPENDMENT "A" HERETO** with the intent to stop the payment of the owed retroactive checks plaintiff Larry E. Belton Sr., had **legally apportioned** to plaintiff Carrie Barber Belton Able, with the malicious intent to prevent Carrie Barber Belton Able from being taken off Medicade, off Welfare, prevent Carrie Barber Belton Able from being taken out Fairfield Manor Nursing Home, which said defendants Jeff Amos, Bridget Ashford, Dennis Weaver, Mary Hornsby knew the State Of South Carolina Department Of Social Services, Welfare, and Medicade had contracts and needed to keep and retain Carrie B.B. Able in this corrupt organization in order to generate funds.

-15-

29. On **4/17/01**, defendants named Jeff Amos, Bridget Ashford, Mary Hornsby, Dennis Weaver, Keith Paul, The Fairfield Manor Nursing Home, Matthew Swanson, FRank McKinney, The Department Of Social Services, Bonnie Franklin, **did enter into a civil and criminal "CONSPIRACY"**, whereby there was a meeting of their minds between **private actors and state and federal actors**, to form a a **nuxus**, for the purpose of stopping the apportionment checks being paid to Carrie Barber Belton Able, and to reduce monthly checks of the **$ 1,233.00 per month**, down to **$ 90.00 per month** and conspired for the checks to be paid directly to the defendants Jeff Amos, Dennis Weaver, Fairfield Manor Nursing Home,  which defendant Bonnie Franklin in a written report stated these facts in her 4/20/01 report attached hereto this complaint as appendment which is **res ipsa loquitur.**

30. Pursuant to the civil and criminal conspiracy documented by defendant Bonnie Franklin's 4/20/01 report, after the civil conspiracy was established for **stoppage of checks of $ 1,233.00** per month and **$ 90.00** per month checks to be paid directly to the defendants Fairfield Manor Nursing Home, Jeff Amos, the then Director and defendant Dennis Weaver, defendant Bonnie Franklin through a fellow staff of Franklin had checks of plaintiff Larry E. Belton Sr.'s apportionment check awarded, illegally sent directly to Jeff Amos, Mary Hornsby, Dennis Weaver, Fairfield Manor Nursing Home whereby said named defendants Jeff Amos, Mary Hornsby, Dennis Weaver, Keith Paul, Fairfield Manor Nursing Home, **without a written Power Of Attorney**, as required to exert authority to receive, deposit and cash the apportionment checks that always had the plaintiffs Larry E. Belton Sr.'s V.A. File No. **C-26-428-544**

plaintiff Carrie Barber Belton Able's name and the amount of the check on the check which is private and confidential in accordance to the established Privacy Act Laws, U.S. Constitution.

31.    Defendants named Jeff Amos, Mary Hornsby, Dennis Weaver, Keith Paul, Fairfield Manor Nursing Home **without a written and Notarized Power Of Attorney**, and without the **written consent of Plaintiff Larry E. Belton Sr., Frank Able, Carrie Barber Belton Able,** and did violate state statutes of law for South Carolina, California, and The United States Of America, to wit **Embezzlement, Forgery of signatures to cash the checks of Carrie Barber Belton Theft, Fraud, Perjury**, knowing numerous checks were sent directly to the defendants named Jeff Amos, Mary Hornsby, Keith Paul, Dennis Weaver, Fairfield Manor Nursing Home, which as evidence plaintiff had his Veterans Affairs File purged and documents obtained from his V.A. Files whereby the Secretary Of Veterans Affairs staff produced the appended documents hereto marked as **appendment "D"** of a document in the form of a letter addressed to plaintiff Carrie Barber Belton Able at defendants address of **118 Bellfield Road, Ridgeway, South Carolina 29130**, which this letter was alleged to have been received by The Fairfield Manor Nursing Home named defendants and **never turned over to Frank Able, or Larry E. Belton Sr.** knowing said defendants had **no Power Of Attorney** to act on behalf of plaintiff Carrie Barber Belton Able.

32.    Defendants named Jeff Amos, Mary Hornsby, Keith Paul, Dennis Weaver, Fairfield Manor Nursing Home, Bridget Ashford, did violate State Of South Carolina and California Penal Codes to wit Theft of checks, Embezzlement, Fraud, Forgery of Signatures without having a Written Notarized Power Of Attorney document.

33.    Defendants named Jeff Amos, Bridget Ashford of the Fairfield Manor Nursing Home, did maliciously enter into a conspiracy whereby the three defendants had a meeting of their minds to have plaintiff Carrie Barber Belton Able questioned about her private finances without having obtained any form of consent from the legal guardian Frank Able who is now deceased, nor from plaintiff Larry E. Belton Sr., and entered into an agreement after the three defendants had a discussion as to finances retained by the defendant Fairfield Manor Nursing Home and discussed the financial matters of plaintiff Larry E. Belton Sr., as to the amount of apportionment checks being paid to plaintiff Carrie Barber Belton Able [VIA] Frank Able, and entered into an agreement for the reduction of the checks of $ 1,233.00 per month and for only $ 90.00 per month to be paid to the defendants Fairfield Manor Nursing Home whereby Jeff Amos on behalf of the defendant Fairfield Manor Nursing Home as the Director would receive, deposit and cash the checks and use the checks of plaintiffs ibid., which the agreement was consumated whereby checks were sent directly to the defendants ibid., and illegally received, deposited, cashed by the defendants ibid., without a **Power Of Attorney**, constituting, **Fraud, Theft, Forgery, Embezzlement, conversion of funds to defendant's own use**, a crime pursuant to the state statutes of South Carolina Penal Code, California Penal Code, U.S. Government Department Of Justice.

34.    The written report filed by defendant Bonnie Franklin states she made personal contact with defendant Bridget Ashford, the Fairfield Manor Nurses Aid, defendant Jeff Amos, the Director had Ashford make the identification of plaintiff Carrie B.B. Able stated Jeff Amos was the person along with Ashford who released

-18-

private and confidential information of plaintiff Carrie B.B. Able's files and medical records maintained by the named defendants Fairfield Manor Nursing Home, Dennis Weaver the Owner, assistant Directors Mary Hornsby, Keith Paul, which the report of defendant Franklin which stated in writing the report was not in compliance with established laws, was used to stop the payments of the $ 1,233.00 per month to plaintiff Carrie B.B. Able, and **all of** the owed <u>retroactive compensation of $ 177,730.00, the</u> <u>$ 12,571.00</u>, and caused plaintiffs Larry E. Belton Sr., Carrie B.B. Able the loss of <u>$ 22,316.61</u> in legal fees to an attorney Gary L. Beaver which plaintiffs Larry E. Belton Sr., Carrie B.B. Able through Larry E. Belton Sr., had a written contract for this attorney to represent plaintiffs with the Veterans Affairs checks yet the named defendants refused to adhere to the contract and refused to send any and all legal letters, papers, and other documents to this attorney, to include the allegedly written letter sent to plaintiff Carrie B.B. Able at defendant Fairfield Manor Nursing Home address [<u>See appendment "D" hereto</u>] and as evidence of plaintiffs Carrie B.B. Able, Larry E. Belton Sr., having hired attorney Beaver to litigate the matter, plaintiff hereto submit the Veterans Affairs <u>Form 22a Appointment Of Attorney Or Agent</u> <u>As "Claimant's" Representative,</u> [<u>See appendment "E" hereto</u>].

35.  It was then after the conspiracy between defendants Jeff Amos, Bridget Ashford, Mary Hornsby, Keith Paul, Dennis Weaver, Bonnie Franklin, along with defendants Matthew Swanson Frank McKinney, of the defendants Fairfield Manor Nursing Home and the the defendant Department Of Social Services having all illegally

violated the Information Practice Act of 1977, The Financial Privacy Act of 1974, The U.S. Constitution 1st Amendment Right of Privacy, the statutes of **5 U.S.C. § 552(a)**, that checks were sent to defendants Jeff Amos, Mary Hornsby, Bridget Ashford, Keith Paul, Dennis Weaver, Fairfield Manor Nursing Home of checks that were then in the amount of **$ 1,233.00** per month for the months of January, February, March, April of **2001**, and stopped being sent to Frank Able, the legal guardian for plaintiff Carrie B.B. Able, that Frank Able contacted plaintiff Larry E. Belton Sr., and the attorney representing both plaintiffs on the Veterans Affairs checks that it was learned from Mary Hornsby the one defendant that Jeff Amos the other defendant of defendant Fairfield Manor Nursing Home Dennis Weaver, Fairfield Manor Nursing Home had begun to receive the **$ 1,233.00** checks of plaintiff Carrie B.B. Able, and by phone conversation with plaintiff Larry E. Belton Sr., [VIA] Pamela S. Hardeman of Rialto, California, a witness for plaintiffs to the conversation by **Three Way Connection Call**, that four (4) checks of **$ 1,233.00** totaling **$ 4,932.00** had been received by the named defendants, **deposited and cashed without a Power Of Attorney of plaintiff Carrie B.B. Able**, as Frank Able was Power Of Attorney and legal guardian appointed by plaintiff Larry E. Belton Sr., after plaintiff Larry E. Belton Sr., had given Frank Able **Power Of Attorney** for plaintiff Larry E. Belton Sr., **[See appendment "F" hereto]**.

36. Defendant Mary Hornsby personally stated to plaintiff Larry that four checks totaling $ 4,932.00 had been received but for some unknown reason she had no idea where the money was and what happened to this money forcing plaintiff Larry E. Belton Sr. to

-20-

call Frank Able through Pamela S. Hardeman by Three Way phone connections whereby Pamela S. Hardeman remained on the phone line as a witness to the conversation and learned from Frank Able that defendants Jeff Amos, Dennis Weaver, Fairfield Manor Nursing Home had unknown to him made this illegal act of entering the Nursing without his written consent or authorization and learned that the the named defendants had secretly without his knowledge had did this illegal interrogation of plaintiff Carrie B.B. Able, and had illegally obtained the four (4) $ 1,233.00 of checks that were to had been sent to him for Carrie B.B. Able at the **77 POCONO LANE, Ridgeway, South Carolina 29130** address; and learned from Frank Able by phone that Mary Hornsby the defendant ibid., had called his home before plaintiff call was placed by Ms. Hardeman three way, and disclosed to Frank Able that she had learned of the matter and she reported this financial problem to Dennis Weaver the owner and that she was instructed to work out a deal with Frank Able with Frank Able on behalf of plaintiffs Carrie B.B. Able and Larry E. Belton Sr., without having to return the checks back to the U.S. Treasury as the checks had been deposited, cashed by defendants without having any Power Of Attorney for Carrie B.B. Able and without Frank Able's consent or authorization or Larry E. Belton authorization as Carrie B.B. Able is and remains plaintiff Larry Disabled Dependent through the U.S. Court Of Appeals For Veterans Claims and The U.S. Secretary Of Veterans Affairs Board Of Appeals.

37. Plaintiff Larry E. Belton Sr., then prepared and filed **over** five (5) written demands, for the return of the $ 4,932.00 to the U.S. Treasury or turn the $ 4,932.00 over to Frank Able within a fourteen (14) period or be sued by plaintiffs, to no avail.

-21-

38. Plaintiff Larry E. Belton Sr., then contacted attorney Gary L. Beaver informing him that the checks had been stopped being sent to Frank Able's address and that checks owed retroactive to the plaintiff Larry E. Belton Sr., as an award for medical disabilities in Vietnam, and legally apportioned to plaintiff Carrie B.B. Able had been or was being diverted to the defendants named Jeff Amos, Dennis Weaver, Mary Hornsby, Keith Paul, Fairfield Manor Nursing Home unknown of the illegal acts on **4/17/01** of the named defendants Jeff Amos, Mary Hornsby, Keith Paul, Bridget Ashford, Matthew Swanson, Frank McKinney, Fairfield Manor Nursing Home, The Department Of Social Services, which it was then attorney Beaver prepared an eight (8) page Fax Document to the Veterans Affairs agent G.A. Morris of the San Diego, California Regional Office that retained plaintiff Larry E. Belton Sr.'s V.A. File **C-26-428-544** [**See appendment "G" hereto**], which attorney Beaver tried as the attorney of record for plaintiffs with these checks, to get the reasons for the stoppage of checks being issued and paid to plaintiff Carrie B.B. Able which this attorney was told no information would disclosed to him, nor to Frank Able the Power Of Attorney for the two plaintiffs Carrie B.B. Able and Larry E. Belton Sr..

39. Plaintiff Larry E. Belton Sr., served defendant Bridget Ashford **Direct And Constructive Notice Of Intent To Sue** her in accordance to the statutes of **28 U.S.C.S. § 2675(a),** served Dennis Weaver the owner and manager as well as Keith Paul, Mary Hornsby, Jeff Amos, Fairfield Manor Nursing Home, [**See appendment "H" hereto of notices**], never receiving any offer to settle this legal matter which has caused extensive financial damages of the the $ 177,730.00, $ 12,571.00, $ 22,316.00 and other losses.

40.   On **April 9, 2002**, plaintiff Larry E. Belton Sr., served the the defendants named Matthew Swanson, Frank McKinney with a Direct And Constructive Notice Of Intent To Sue, **[See appendment "I"** **hereto]**, which defendants Swanson and McKinney received in their office which was the defendant Depertment·Of Social Services for the State Of South Carolina, and in a written letter from defendant Betsy White Burton, making threats of retaliation, against plaintiff for serving the defendants Swanson and McKinney for their illegal acts of disclosing private and confidential information of plaintiff Carrie Barber Belton Able, and defendant Bonnie Franklin making a a written report **Appendment "A" hereto**, naming Swanson and McKinney as the two Department Of Social Services State Employees who were acting for the defendant the Department Of Social Services, whereby defendant Burton an attorney The Department Of Social Services, in writing stated that if plaintiff pursued this civil actions on and against Matthew Swanson and Frank McKinney, she as their attorney was going to initiate a criminal investigation against plaintiff and now deceased brother Frank Able, **[See appendment "J" hereto]**, which prompted plaintiff Larry E. Belton Sr. to file a South Carolina State Bar Complaint against defendant Betsy White Burton **[See** **Appendment "K" hereto]**, which defendant Burton with her connections with The South Carolina State Bar, did plaintiff Larry E. Belton Sr. receive what is perceived as an added threat of retaliation and a a message that plaintiff's complaint was a waste of time and if plaintiff **sued** Betsy White Burton for her attempt to cover up the the illegal acts of Swanson and McKinney, that staff attorney said they would love to see the results, **[See appendment "L" hereto]**.

41.   Plaintiff having received these documents filed a civil rights **[See appendment "M" hereto of Power Of Attorney Documents]**

complaint with The United States Civil Rights Department

Washington, D.C., [See appendment "N" hereto], and did receive an answer from the Civil Rights Department [See appendment "O"].

42.   Plaintiff filed a petition for Writ Of Mandate with the U.S. Court Of Appeals For Veterans Claims redressing the illegal acts of defendants Bonnie Franklin and the named defendants whom Franklin disclosed in her 4/20/01 report that gave her the private confidential information, not knowing of this report of defendant Franklin until after the writ was filed on September 6, 2002, which it was only when the attorney for The U.S. Veterans Affairs Secretary Debra L. Bernal came up with the 4/17/01 report of defendant FRanklin, and cited the report of Franklin in her response, [See appendment "P" hereto], taking notice to page numbers 3, bottom paragraph, beginning with "Matthew Swanson was seen in the Fairfield County DSS Office and [HE] stated that Mrs. Able's daughter in law, Betty, had signed their last verification form and that no VA funds were listed as income, Therefore DSS did not know of these funds," and none of the VA apportionment is being paid to the Nursing Home for Mrs. Able now the court is to take notice to page number 4 hereto of appendment "P" of the first paragraph beginning with, The Field examiner, and the entire page of the information taken from defendant Bonnie report which specifically named defendants Swanson, McKinney of the defendant The Department Of Social Services, and then read the letter and response of defendant Betsy White Burton appendment "J" making terroist threats to plaintiff and denying Swanson, McKinney or the DSS office of giving Franklin no such private and confidential information protected by the U.S. Constitution 1st Amendment, 5 USC § 552(a), which defendant Burton knew she had falsified her letter in a civil and criminal conspiracy to cover up the illegal acts of

-24-

defendant Swanson, defendant McKinney, defendant The Department Of Social Services, knowing she was an attorney who had ehtical duties pursuant to the State Bar Of S. Carolina, The American Bar Association, not to prepare or file a document knowing the information she prepares or prepared was in furtherance of a crime or violation of any state or federal law and she had a duty to report the illegal privacy act violations of the named defendants, yet she maliciously made threats against plaintiff and his deceased brother of what she would do if plaintiff filed this suit against the defendants Swanson, McKinney, and The Department Of Social Services forgetting plaintiff is a Vietnam Veteran who received the **BRONZE SERVICE STAR FOR VALOR**, and has proven himself in the eyes of the the enemy that he killed numerous VietCong, to survive and such threat to this Veteran **only** made her an enemy to be confronted by this Plaintiff as he is filing suit and now let her bring her threat on as the evidence against Swanson, McKinney, The DSS Office has been used by The U.S. Deputy Attorney Debra L. Bernal in this filed answer to The U.S. Court Of Appeals, For Veterans Claims, and is **"RES IPSA LOQUITUR"** to prove the allegations herein this suit. The acts of each and every defendant named hereto this complaint was deliberate, malicious, and in **"wanton disregards**, to the rights of plaintiffs, Carrie Barber Belton Able, Larry E. Belton Sr., and **deliberately done knowing of the "ESTABLISHED PRIVACY RIGHTS LAWS",** which by documentation of the report of defendant Franklin dated 4/20/01 and used as evidence in a Federal Circuit Court by a deputy U.S. Attorney **Speaks For Itself**, as **[IGNORANCE OF THE LAW IS OF NO EXCUSE, citing PEOPLE V. SWENSON (1954) 127 C.A. 2d 656**, and the the acts of said defendants violated state and federal Tort Laws.

-25-

42.    Defendants Matthew Swanson Frank McKinney, and The Department Of Social Services, did violate plaintiffs Carrie Barber Belton Able, Larry E. Belton Sr.'s clearly established Civil and U.S. Constitutional 1st Amendment Right to Privacy, by illegally discussing private and confidential information as to the finances of plaintiff, his co plaintiff and mother Carrie Barber Belton Able, disclosing and publishing the private confidential information of plaintiff Carrie Barber Belton Ables Social Security Income and her private and confidential medical files and medical conditions she suffered which Bonnie Franklin named these defendants and stated what information defendants Swanson, McKinney and DSS defendants maliciously disclosed without compliance with the established Privacy Act Laws, knowing the purpose of defendant Franklin was to to stop apportionment checks from being paid to Carrie B.B. Able to prevent Carrie B.B. Able from getting off Welfare, Medicade, and to prevent plaintiff Larry E. Belton Sr., from obtaining the owed and awarded disability compensation to get Carrie B.B. Able out of the **ABUSIVE NURSING HOME OF DEFENDANTS**, ibid., which the defendants are **bilking the Welfare and Medicade** using old and disabled people who are **poverty stricken** and has no family such as plaintiff Larry E. Belton Sr., who apportioned **ALL OF HIS OWED retroactive disability compensation, and monthly check award** to his plaintiff mother Carrie Barber Belton Able.

43. The acts of defendants were deliberate, malicious, and in **wanton disregards to plaintiffs civil and constitutional rights, The Information Practice Act of 1977; The Financial Privacy Act of 1974; Federal Statutes of 5 USC § 552(a)**, justifying damages as set forth herein, to wit **General Damages of the owed**

retroactive disability checks of $ 177,730.00, $ 12,571.00, $ 1,233.00 monthly checks from 1/1/01 through 11/3/03 the date this suit is being filed with The Federal Court; **compensatory damages each defendant of $ 5,000,000.00 as each defendant is sued individually and separably**, for the violations of laws which each defendant violated and acted in concert with both state and federal actors pursuant to <u>42 USCS § 1983-§ 1985</u>; <u>**Damages for pain and suffering, both physical and mental to both plaintiffs**</u>; Punitive and Exemplary Damages of <u>**$ 500,000.00**</u>; Special Damages of the <u>**$ 4,932.00**</u> which defendants embezzled, forged signatures to cash the four checks of $ 1,233.00 at the Nursing Home; **Damages of the <u>$ 22,316.61 attorney fees paid</u>** which defendants caused the loss due to their acts and disregards to send all papers, documents to the attorney which all defendants had notices served them that informed them any and all papers involving plaintiffs Larry E. Belton Sr., and Carrie B.B. Able were to be sent to this attorney, <u>[See appendment "Q" hereto of letter</u>]; **For Court Filing Fees and cost for Service By The United States Marshal's Office of any and all Summons/Complaints, Subpoenas, Discovery.**

44. Wherefore plaintiffs Larry E. Belton Sr., Carrie Barber Belton prays for relief as follows;

### FIRST CLAIM FOR RELIEF

FEDERAL CONSTITUTION 1st AMENDMENT RIGHTS OF PRIVACY, VIOLATION OF THE INFORMATION ACT OF 1977; THE FINANCIAL PRIVACY ACT OF 1974; VIOLATION OF PRIVACY ACT STATUTES OF <u>5 USC § 552(a)</u>, <u>28 USCA § 2675(a)</u>, CAUSING DAMAGES OF $ 217,000.00 [+] **ATTORNEY FEES**

45. Plaintiff realleges and incorporate herein by reference each and every allegation of paragraphs 1 through 44.

///////////////

-27-

46. The unjustified and penologically, and malicious violations of plaintiffs Larry E. Belton Sr., Carrie Barber Belton Able's 1st Amendment Rights of Privacy and Seclusion, the Information Practice Act of 1977, The Financial Privacy Act of 1974, the the Federal Statutes of **5 USC § 552(a)**, by invading the Privacy and seclusion of a mentally ill, physically impaired, and bed ridden elderly parent of plaintiff Larry E. Belton Sr., without having obtained a written consent from plaintiffs Larry E. Belton Sr., Frank Able, now deceased brother and legal guardian while he was alive, or from Carrie Barber Belton Able before the illegal visit with plaintiff Carrie B.B. Able, to do the illegal **interrogation** of plaintiff Carrie B.B. Able then illegally publishing the private and confidential information in a written report to be used against plaintiffs Carrie B.B. Able, to stop checks owed to her pursuant to a written settlement agreement, **[See appendment "R" hereto]**, caused plaintiff to suffer a severe stroke to her throat that nearly killed her, and left her in pain having now to be fed through a feeding tube in her stomach permanently, is a clear violation of the U.S. Constitution 1st Amendment and cited statutes of The Information Practice Act 1977, The Financial Privacy Act of 1974, and 5 USC § 552(a) justifying general, punitive, Special and Compensatory Damages of **$ 5,000,000.00**...

### SECOND CLAIM FOR RELIEF

#### (FEDERAL CRUEL AND UNUSUAL PUNISHMENT)

47. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 44.

48. The unjustified and penologically unnecessary visit of 4/17/01 and illegal interrogation of a mentally ill, stroke impaired, lady,

-28-

which left plaintiff Carrie B.B. Able mentally incompetent parts of her brain destroyed to the point whereby she had no control over her waste, to wit her urine, and bowels having to wear diapers, confined in a wheelchair, on medications for her diabetes, High Blood pressure, Depression, under a doctor's care whereby she could not act for herself, having been declared incompetent with a legal guardian, Frank Able, caused plaintiff Carrie B.B. Able to suffer a severe stroke to her throat whereby she had to be rushed to a hospital, surgery performed on her that nearly killed her, and left her further medically impaired as she has to be fed through a feeding tube inserted within her stomach caused by the illegal acts of all defendants named herein this complaint, which was a a clear violation of the U.S. Constitutions **eighth amendment (8th)** and justifies the defendants named herein to be held liable for the pain and suffering, mental and emotional stress, physical pain and suffering, loss of the owed disability compensation which was by a written settlement agreement between plaintiffs and the Veterans Affairs; also justifying General, Special, Punitive and Exemplary as well as Compensatory Damages of **$ 5,000,000.00**, plus attorney fees, court cost, process service cost.

## THIRD CLAIM FOR RELIEF

(STATE TORT LAW AND FEDERAL TORT LAW FOR CIVIL AND CRIMINAL CONSPIRACY TO illegally receive, deposit, cash checks issued from the u.s. treasury without a **Notarized Power Of Attorney Document**, Embezzlement, Misappropriation of Funds AND CONVERTING FUNDS TO PERSONAL USE, FRAUD, THEFT AND FORGERY)

49.    Plaintiff realleges and incorporates herein by reference each and every allegation of paragrpahs 1 through 44.

/////////////

-29-

50.    The unjustified and penologically unnecessary violations of of the South Carolina Penal Code, The Code Of Civil Procedure, the Civil Code, The Welfare And Institutions Code, The U.S. Government Code Of Federal Regulations, and the U.S. Constitution 1st Amendment Rights Of Privacy and Seclusions as to unwarranted interrogations as to private and confidential information which the Constitution forbids intrusions without first having obtained the written consent and authorization to obtain, release, disseminate, or discuss protected confidential matters, done by the named defendants, which said defendants in a planned conspiracy where there was a meeting of the minds to invade plaintiff Carrie B.B. Able's privacy on 4/17/01, knowing before hand she had suffered numerous strokes, was on medication for diabetes, depression, high blood, physically impaired to even clean herself, unable to walk or talk to express herself and protect herself from unwarranted questions she had no knowledge of; and defendants conspiring to stop checks being paid and hers for her to use to get off medicade, welfare and of the **abusive Nursing Home**, the illegal receiving **$ 4,932.00** of disability checks apportioned to Carrie B.B. Able, depositing, cashing the checks by forgery of her signature, without having a **Notarized Power Of Attorney** document, and converting the funds to the defendant's personal use, constituted a criminal violation to wit, **Theft, Fraud, Forgery, Embezzlement,** with the intent to deprive plaintiffs Carrie B.B. Able and Larry E. Belton Sr. of this property which both plaintiffs had a protected liberty interest, justifying General, Special, Punitive, Exemplary, Compensatory Damages of **$ 5,000,000.00** plus attorney fees, court cost, process service fees, and for **criminal charges against defendants nemed herein.**

-30-

## PRAYER FOR RELIEF CONTINUED

1. For General Damages of the $ 177,730.00, the $ 12,571.00 which was an owed **Retroactive Disability compensation** for a contractual settlement agreement made between plaintiffs and the Veterans Affairs which was illegally stopped and held illegally as a result of the Privacy Act laws violated; for General Damages of the $ 22,316.00 lost in attorney fees to which defendants caused due to their refusal to honor the signed contract which stated the attorney was the person for all letters and documents for plaintiffs to be served to the attorney;

2. For Special Damages of the $ 4,932.00 of apportionment checks that defendants received, deposited, cashed and embezzled and illegally converted to their own use without a Power Of Attorney;

3. For Special Damages of the $ 1,233.00 of monthly checks from **1/1/01** through **11/03/03**, which is owed and awarded to both plaintiffs which was apportioned to Carrie B.B. Able to get her off welfare, off medicade out of the abusive nursing home and back home with a nurse to live in her home and care for her;

4. For Compensatory Damages of **$ 5,000,000.00** for the pain and suffering, physical cruelty, mental cruelty, which caused the severe stroke to Carrie B.B. Able's throat and forced her to undergo surgery with a permanent feeding tube inserted in her stomach caused by the acts of all defendants on 4/17/01, and the mental and emotional stress to plaintiff Larry E. Belton Sr., which has cost him thousands of dollars to suffer medical problems, of severe migraine headaches, upset stomach forcing him to seek medical treatment from a doctor;

////////////////////////

5. For and Injunction and restraining order to be issued by the the U.S. District Court ordering the removal of plaintiff Carrie Barber Belton Able out of the defendant Fairfield Manor Nursing Home due to her life and her safety and welfare being in serious danger of her being administered drugs or medications or lack of medical care and treatment by defendants, named in this complaint or at the hands of associates of defendants in an attempt to kill her before this case is settled; and for the Federal Bureau Of Investigations to investigate any defendant if any lack of care, mistreatment, abuse is inflicted upon Carrie B.B. Able pending this litigations and after settlement of this litigation;

6. For the U.S. District Court to issue an order for Haskle Able III Loretta Able, his wife, James Belton and Carolyn Belton to have Joint Legal Guardianship over Carrie B.B. Able as to matters with caring for Carrie B.B. Able while plaintiff Larry E. Belton Sr., with joint legal authority for plaintiff Larry E. Belton Sr. to receive the owed retroactive compensation and monthly checks to provide a home, with wheelchair ramps, nurse quarters, and a medical bathing facility, bed she needs  using the V.A. Home LOan Certificate awarded plaintiff L.E. Belton Sr., without Bond; For a trial by a jury with a cross section of town of Blacks, Whites and other ethnics; and for an Ad-Testificandum to issue for plaintiffs to be produced for trial by a jury.

I, **Larry E. Belton Sr.**, acting **In Loco Parentis** for plaintiff **Carrie B.B. Able**, with legal standing before this court, declare under the penalty of perjury, under laws of the U.S. Of America, that the foregoing is true and correct, and that I prepared this legal complaint and attached appendments of authentic documents.

Dated: **November 3, 2003.**

LARRY E. BELTON SR./PLAINTIFF

-32-